JILL P. TELFER, State Bar No. 145450
LAW OFFICES OF JILL P. TELFER
A Professional Corporation
331 J Street, Suite 200
Sacramento, California 95814
Telephone:     (916) 446-1916
Facsimile:     (916) 446-1726
E-mail:        jtelfer@telferlaw.com

Attorney for Plaintiff
**DEAN NYLAND**

CAROLEE G. KILDUFF, SBN 107232
   Email: ckilduff@akk-law.com
SERENA M. WARNER, SBN 264799
   Email: swarner@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 564-6100
Facsimile: (916) 564-6263

Attorneys for Defendant COUNTY OF YOLO (incorrectly sued herein as both YOLO COUNTY and YOLO COUNTY SHERIFF'S OFFICE)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEAN NYLAND, <br><br> Plaintiff, <br><br> v. <br><br> YOLO COUNTY, YOLO COUNTY SHERIFF'S OFFICE, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 2:20-CV-02070-TLN-CKD <br><br> **[PROPOSED]** **STIPULATED PROTECTIVE ORDER** |

**I. INTRODUCTION**

WHEREAS, Plaintiff DEAN NYLAND ("Plaintiff") and Defendant COUNTY OF YOLO (incorrectly sued herein as both YOLO COUNTY and YOLO COUNTY SHERIFF'S OFFICE),

1

and Plaintiff and Defendant referred to jointly as the "Parties", in good faith believe that certain discoverable documents and deposition testimony in the above-referenced case contains information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and/or (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

WHEREAS, the Parties acknowledge that there are likely to be documents and other material in existence which touch upon a number of sensitive matters and which may invade the right of privacy not only of the parties, but of non-parties employed in the law enforcement community, private citizens, minors and victims of crime and/or which may compromise law enforcement activities including without limitation pending criminal investigations. Without a protective order in place, if such information is required to be produced in discovery, it may run afoul of privacy rights guaranteed by several sources of law including without limitation the United States Constitution, and Article I, Section I of the California Constitution, and the California Police Officer's Bill of Rights.

## II. STIPULATION

1. <u>Agreement to Be Bound</u>. The Parties stipulate and agree that access to and use of Confidential Information, as defined herein, shall be governed by the provisions of this Stipulated Protective Order and shall apply not only to the Confidential Information, but also to all copies, extracts, summaries, or compilations thereof, as well as testimony, conversations, or presentations by the Parties or counsel to or in court or in other settings that might reveal Confidential Information. The Parties stipulate and agree that, by entering into this Stipulated Protective Order, they are not waiving any privileges or objections to the admissibility or discoverability of information produced hereunder.

2. <u>Confidential Information Defined</u>. For purposes of this Stipulated Protective Order, "Confidential Information" shall mean information which is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and/or (c) not normally revealed to the public or third parties. Confidential Information may include documents, things, or information produced pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure,

2
[PROPOSED] STIPULATED PROTECTIVE ORDER

responses to requests for admissions and interrogatories given pursuant to Rules 36 and 33 of the Federal Rules of Civil Procedure, deposition testimony, and all other such information that may be disclosed in the course of discovery in this action, and any copies, extracts, compilations, or summaries thereof, as well as testimony, conversations, or presentations by the Parties or counsel to or in court or in other settings that might reveal Confidential Information.

3.   <u>Designation of Confidential Information</u>.   Documents or writings which contain Confidential Information shall have the legend "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER" affixed to each page that contains Confidential Information at the time the material is disclosed or produced.  Testimony given at a deposition or other pretrial proceeding that contains Confidential Information must be identified as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on the record, before the close of the deposition or hearing.  Within 30 calendar days of receipt of the transcript of such deposition or hearing, the designating party must specify those page and line numbers that contain the designated Confidential Information and notify all other parties in writing of such specific designation.  Upon being informed of the specific portions of a transcript designated as Confidential Information, each party shall promptly stamp "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER" on each designated page of each transcript copy in their custody or control.  If any party intends to publicly file and/or use portions of a transcript for which the 30 day period has not yet expired, the parties shall attempt in good faith to reach agreement on shortening the deadline.

Any party may designate a document as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" upon a good faith determination by a party that the document contains information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and/or (c) not normally revealed to the public or third parties and by stamping or affixing the words "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on the face of the document.  Tangible things other than documents (e.g., audio tapes, products, computer disks, etc.) may be designated by stamping or affixing the designation to the item or its container, as appropriate.

4.   <u>Inadvertent Failure to Designate</u>.  An inadvertent failure to designate material as confidential

does not, standing alone, waive the designating Party's right to secure protection under this Protective Order for such material. The Parties may designate material as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" after such inadvertent failure to designate under the following circumstances:

    a.    Advise the party who received such documents or material in writing of the new designation;

    b.    The new designation applies only as of the date and time of receipt of notice by the party notified;

    c.    The party who received the non-designated documents or material must return the documents or material to the producing party, and the producing party must provide the other party with another copy of the documents or material that bears the new and correct designation;

    d.    The party who received the non-designated documents or material must make a reasonable and good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to receive such information, obtain an agreement from the persons to whom such disclosure was made to be bound by this Protective Order by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and otherwise take any necessary steps to ensure that the documents or material is treated in accordance with this Protective Order.

5.    <u>Challenging a Confidential Designation</u>. If a party believes that a document or other information which designated as Confidential Information should not have such designation, that party must notify the designating party of its disagreement and the basis therefore. Counsel for the Parties shall then meet and confer within 14 days of such notice and endeavor to reach an agreement concerning the protected status of the document or information. If the Parties cannot resolve a challenge without court intervention, the party challenging the confidentiality designation may seek judicial intervention. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court resolves the challenge, the document or information shall be treated as Confidential Information subject to this Stipulated Protective Order.

6. <u>Access to and Use of Confidential Information</u>.  A party receiving Confidential Information under this Stipulated Protective Order may use such information only in the prosecution, defense or attempted settlement of this litigation.  The receiving party agrees to control Confidential Information that it has received, and agrees not to upload or post any Confidential Information to any online website and not to disclose any Confidential Information to any organizations, news or otherwise.  Unless otherwise ordered by the Court or permitting in writing by the designating party, a party receiving Confidential Information may only disclose such information to the following persons:

    a.    The receiving party's attorneys of record, as well as the attorneys' support staff to whom disclosure is reasonably necessary for this litigation;

    b.    The receiving party to whom disclosure is reasonably necessary for this litigation;

    c.    Retained experts and consulting experts of the receiving party to whom disclosure is reasonably necessary for this litigation and whom have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    d.    The Court and its personnel;

    e.    Court reporters and their staff and other professional vendors to whom disclosure is reasonably necessary for this litigation and whom have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    f.    Witnesses testifying in deposition to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    g.    The author of the document or the original source of the information;

    h.    Any representative for any insurer affording a defense and/or indemnity for the receiving party in this litigation

7. <u>Unauthorized Disclosure of Confidential Information</u>.  If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately: (1) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of Confidential Information; (c) inform the person or

persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) make reasonable and good faith efforts to ensure such person or persons execute the "Acknowledgment and Agreement to Be Bound." (Exhibit A.)

8. <u>Filing Confidential Information</u>.  Without written permission from the designating party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information.  The Parties agree to follow the procedure outlined in Local Rule 141 for lodging and filing documents under seal with regard to any item containing information designated as Confidential under this Stipulated Protective Order.  The Parties agree that an election not to seek an order placing specific documents under seal does not constitute a waiver of this Stipulated Protective Order.  Furthermore, any documents which the Court declines to order sealed do not lose their status as Confidential Information under this Stipulated Protective Order as a result thereof.  If a party used Confidential Information at a deposition or non-public hearing or proceeding, the party shall state on the record, prior to use of such material, that the information or document is confidential and is being used pursuant to the terms of this Protective Order.

9. <u>Return of Confidential Information</u>.  Within 60 days after the final disposition of this action (including any appeal, writ, review or rehearing), the receiving party must return all Confidential Information, including any copies, extracts, or any other format reproducing or capturing Confidential Information, to the designating party.  The receiving party must also submit a written certification to the designating party by the 60-day deadline that (1) identifies by category all of the Confidential Information that was returned and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other format reproducing or capturing any of the Confidential Information.  Notwithstanding this provision, counsel for the Parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information shall remain subject to the confidentiality obligations of this Stipulated Protective Order.  With

permission in writing from the designating party, the receiving party may destroy some or all of the Confidential Information instead of returning it.

10. <u>Duration</u>.  Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until the designating party agrees otherwise in writing or a Court orders otherwise.

11. <u>Miscellaneous</u>.

   11.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

   11.2   <u>Right to Assert Other Objections</u>.  Nothing in this Order waives the right of any party it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

   11.3   <u>Execution in Counterparts</u>.  This Protective Order may be executed in counterparts and each counterpart shall be deemed an original, and all counterparts taken together will constitute one and the same agreement, which will be binding and effective as to the parties.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  December 17, 2020            LAW OFFICES OF JILL P. TELFER

                                     */s/ Jill P. Telfer*
                                     *(as authorized on 12.17.20)*
                                     _____
                                     JILL P. TELFER
                                     Attorney for Plaintiff,
                                     **DEAN NYLAND**

Dated:  December 17, 2020            ANGELO, KILDAY & KILDUFF, LLP

                                     */s/ Carolee G. Kilduff*
                                     _____
                                     CAROLEE G. KILDUFF
                                     SERENA M. WARNER
                                     Attorneys for Defendant,
                                     **COUNTY OF YOLO**

## III. ORDER

The court has reviewed the parties' stipulated protective order, which comports with the relevant authorities and the court's applicable local rule.  See L.R. 141.1(c);[1] see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.")  Therefore, the court GRANTS the request subject to the following clarification.

This court's Local Rules indicate that once this action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."  L.R. 141.1(f).  Courts in the district generally do not agree to retain jurisdiction after closure of the case.  See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017).  Based on this rationale, the court will not retain jurisdiction over this protective order once the action is closed.

Dated:  December 21, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.nyla.2070

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____[date] in the case of Dean Nyland v. Yolo County, Yolo County Sheriff's Office, Case: 2:20-CV-02070-TLN-CKD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____